UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-440-H

DONALD STANKOWSKI                                                                                     PLAINTIFF

V.

MAYOR JERRY ABRAMSON, et al.                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendants, Mayor Jerry Abramson, Metro City Council, Police Chief Robert White and Officer Sean Hayes have moved to dismiss the claims against them.  This *pro se* Plaintiff alleges that Officer Hayes used unnecessary and unreasonable force during an arrest.

Plaintiff has clearly sued Abramson and White only in their official capacities.  "[C]laims against Defendants in their official capacity, are, in effect, claims against the City." *Lane v. City of LaFollette, Tenn.*, 490 F.3d 410, 423 (6th Cir. 2007) citing to *Pusey v. City of Youngstown*, 11 F.3d 658 (6th Cir. 1993).  Therefore, Plaintiffs claims in this lawsuit are actually claims against Louisville-Jefferson County Metro Government ("Metro").  Pursuant to KRS 67C101(2)(e), Metro is "accorded the same sovereign immunity granted counties, their agencies, officers, and employees."  Counties are entitled to sovereign immunity because they are constitutional, political subdivisions of the Commonwealth of Kentucky.  *Yanero v. Davis, et al.*, 65 S.W.3d 510, 526 (Ky. 2001) citing to *Edwards v. Logan County*, 244 Ky. 296, 50 S.W.2d 83, 85 (1932). In *Lexington-Fayette Urban County Government v. Smolcic*, 142 S.W.3d 128, 132 (Ky. 2004), the Kentucky Supreme Court reaffirmed its holding "that urban county governments constitute a

new classification of county government" and they are entitled to sovereign immunity. Therefore, the state claims against Metro must be dismissed as a matter of law.

Municipalities are only liable under § 1983 if there is a direct causal link between an official policy or custom and the alleged deprivation of rights under the Constitution. *Cherrington v. Skeeter*, 344 F.3d 631, 645-46 (6th Cir. 2003) citing to *Monell v. Department of Soc. Servs. of City of New York,* 436 U.S. 658, 694 (1978); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The plaintiff "must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997) quoting *Brown*, 520 U.S. at 407. "Thus, where a plaintiff alleges that municipal action is the indirect cause of their injury, a plaintiff must *plead* and prove a policy or custom of action or inaction which justifies the inference of causation and culpability needed to hold the municipality liable under § 1983." *Fox v. Van Oosterum*, 987 F.Supp. 597, 602 (W.D. Mich., 1997) (Emphasis added) citing to *Brown, supra*. Plaintiff has failed to properly plead a claim of 42 U.S.C. § 1983 liability against Metro because he failed to identify a Metro policy or custom that allegedly caused his injury.

It is not clear to the Court that Officer Sean Hayes was sued only in his official capacity. Also, it is unclear, because the parties did not address it, whether the claims against Hayes in an individual capacity should be dismissed. Therefore, the Court will not dismiss those claims at this time.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion to dismiss Mayor Jerry Abramson, the

Louisville Metro Council and Chief Robert White in all capacities and Officer Sean Hayes in his official capacity is SUSTAINED and Plaintiff's claims against them are DISMISSED WITH PREJUDICE. The claims against Officer Sean Hayes in his individual capacity remain for now.

cc: Donald Stankowski, *Pro Se*
      Counsel of Record